UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

IN RE: :
: CHAPTER 7
ROBERT F. LEE, JR., :
: CASE NO. 14-22896-jrs
Debtor :
_____ :

**RESPONSE TO JOHNSON OBJECTION TO AMENDED TRUSTEE'S APPLICATION FOR AUTHORITY TO SELL, ETC., AND MOTION TO COMPROMISE CLAIMS**

COMES NOW Robert F. Lee, Jr., debtor herein ("Debtor"), and submits this response to the "Johnson Objection to Amended Trustee's Application for Authority to Sell, etc., and Motion to Settle and Compromise Claim" (the "Objection") filed by David Johnson and Susannah Johnson, Individually and as Surviving Parents of Hannah Johnson, Deceased, and David Johnson, Administrator of the Estate of Hannah Johnson, Deceased, and David Johnson and Susannah Johnson, Individually and as Natural Guardians of Brooke Johnson, a minor, Kathryn Johnson, a minor, and Owen Johnson, a minor ("Plaintiff"), showing as follows:

1. Debtor filed his Chapter 7 petition on December 15, 2014. The 341(a) meeting of creditors was held January 12, 2015. Batty A. Nappier ("Trustee") is the duly appointed Chapter 7 trustee for Debtor's estate.

2. Prior to the bankruptcy filing, Debtor's spouse ("Dale") filed for divorce in the Superior Court of Fannin County.

3. On June 21, 2017, Trustee filed her "Trustee's Application for Authority to Sell Real and Personal Property of the Estate and Motion to Disburse Funds upon Closing and Motion to Settle and Compromise Claims" (the "Initial Motion"), seeking authority to sell and/or

settle all nonexempt assets of the estate (excluding Debtor's 50% interest in Corrugated Replacements, Inc. ("CRI") to Debtor for $808,025, with Dale relinquishing any rights in and to the property by virtue of any rights to equitable distribution.

4. Trustee withdrew the Initial Motion following a life threatening injury to Debtor. Trustee and Debtor continued to negotiate, however, culminating in the filing of the "Amended Trustee's Application for Authority to Sell Real and Personal Property of the Estate and Motion to Disburse Funds upon Closing and Motion to Settle and Compromise Claims" (the "Pending Motion") to which the Objection has been filed. In the Motion, Trustee seeks authority to sell and/or settle all nonexempt assets of the estate (excluding certain property on Sunset Court in Blue Ridge, Georgia, with a tax value of $151,352 that is being marketed for sale by Trustee) to Debtor for $800,000, with Dale relinquishing any rights in and to the property by virtue of any rights to equitable distribution.

5. This response addressed certain issues raised by the Objection.

## The Divorce is not a Sham

6. In their Objection, and in previous filings, Plaintiffs allege that the divorce is sham. This is patently false and known to be patently false by Plaintiffs. Debtor has been deposed on this issue. Dale has been deposed on this issue. Lance Foles ("Foles"), attorney for Debtor and friend to both Debtor and Dale, has discussed the circumstances and situation with Plaintiffs' counsel. There has not been a shred of evidence to support the contention that the divorce is a sham, and Plaintiffs have never stated any factual basis for such a slanderous statement. If there is evidence that the divorce is a sham, Debtor demands that Plaintiffs present such evidence immediately. If there is any evidence that Foles, Debtor's counsel, and Dale's

counsel have been actively participating in a sham to achieve some unstated or indeterminate benefit, demand is made that Plaintiffs present such evidence immediately. If not, demand is made to cease making such frivolous and unsubstantiated statements in pleadings with the Court.

### The Objection Fails to Address the Benefits of the Proposed Resolution

7. In the Objection, Plaintiffs assert that the prices for certain assets identified in the Pending Motion are significantly reduced from the amounts set forth for the same assets in the Initial Motion without explanation. The proposal contained in the Pending Motion is significantly greater than the proposal in the Initial Motion. The Pending Motion contemplates the separate sale of the Sunset Court property, which can bring approximately $130,000 additional dollars (after costs of sale and commissions) into the estate. Regardless of how Trustee chooses to allocate the settlement amount, the proposal under the Pending Motion is greater than under the Initial Motion.

8. The Objection fails to take into account the difficulty in actually liquidating the estate assets. The Colorado property, for example, has no real market and will take years to sell if it sells at all. The interests in CRI have no real market because CRI is a closely held corporation of which Debtor only owns 50%, CRI's operations are dependent to a great extent on Debtor's continued active involvement, any purchaser could not control the Board of Directors, and the Shareholders' Agreement provides the right to CRI and the other 50% shareholder to match any offer and payout over 10 years. Trustee is limited with respect to the sale of Mountain Lakes Investment, LLC ("MLI"), by its operating agreement. The Double Gap Road property is subject to a conservation easement and its sale to a third party would trigger real property tax

consequences. In short, most of these assets are not easily convertible to cash within a reasonable time.

9. If the estate is liquidated, there will be significant capital gains taxes, which reduce the amounts available for creditors. Prior to the filing, Debtor's counsel employed Jeffrey K. Kerr, a panel trustee for the Atlanta Division ("Kerr"), to conduct a thorough review of Debtor's assets and prepare a report indicating how these assets would be administered by a trustee in a Chapter 7 case. Kerr prepared a bankruptcy liquidation report based on his experience as a trustee and taking into account administrative costs and estimated bankruptcy estate tax liabilities. While Kerr considered the accountant prepared valuations, he independently estimated the value and likely recovery based on his experience. Even if Trustee liquidated all assets and received a higher value (after deducting the costs of litigation with Dale and the possible outcome of such litigation), the income and capital gains taxes would significantly reduce the net available to creditors.

10. The proposal contained in the Pending Motion eliminates the costs and risks relating to Dale's interest. Under Georgia law, Dale's claim for an equitable distribution of property arose at the time the divorce was filed. *Segars v. Brooks*, 248 Ga. 427 (1981). While the argument exists that such rights as to real property are subject to Trustee's strong arm power as a bona fide purchaser of real property, there is the issue of Dale's equitable rights as to the personal property (including interests in CRI and MLI, and the property held by Bob Lee Investments, LLC). Additionally, there is the issue of the effect of O.C.G.A. § 23-1-18, which provides that "a pending action shall be general notice of an equity or claim to all the world from the time the action is filed and docketed. If the same is duly prosecuted and is not collusive, one

who purchases pending the final outcome of the litigation shall be affected by the decree rendered therein." The proposed resolution set forth in the Pending Motion avoids these issues and eliminates the risks and costs.

11. Additionally, the proposal provides certainty and immediate payment, eliminating the risk of economic upheaval or recession inherent in a lengthy sale process.

## Conclusion

For the reasons stated herein, Debtor submits that the Pending Motion should be approved.

Dated: April 11, 2018

                                  Respectfully submitted,

                                  LAMBERTH, CIFELLI,
                                  ELLIS & NASON, P.A.
                                  Attorneys for Debtor

                            By: */s/ G. Frank Nason, IV*
                                  G. Frank Nason, IV
                                  Georgia Bar No. 535160
                                  fnason@lcsenlaw.com

1117 Perimeter Center West
Suite W212
Atlanta, Georgia 30338
(404) 262-7373

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has served a true and correct copy of the foregoing RESPONSE TO JOHNSON OBJECTION TO AMENDED TRUSTEE'S APPLICATION FOR AUTHORITY TO SELL, ETC., AND MOTION TO COMPROMISE CLAIMS by electronic mail to:

>Betty A. Nappier
>Law Office of B. A. Nappier
>PO Box 1649
>Cumming, GA 30028-1649
>banappier@gmail.com
>
>Brian Cahn
>Brian R. Cahn & Associates, LLC
>5 South Public Square
>Cartersville, GA 30120
>Brian@NorthGaBankruptcy.com
>
>William L. Rothschild
>Ogier, Rothschild & Rosenfeld, P.C.
>450 Winfield Glen Court
>Sandy Springs, GA 30342
>br@orratl.com

This 11th day of April, 2018

>/s/ *G. Frank Nason, IV*
>G. Frank Nason, IV

1117 Perimeter Center West
Suite W212
Atlanta, Georgia 30338
(404) 262-7373