UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

IN RE:                                          :
                                                :        CHAPTER 7
ROBERT F. LEE, JR.,                             :
                                                :        CASE NO. 14-22896-jrs
        Debtor                                  :
_____         :

## MEMORANDUM RE EFFECT OF BANKRUPTCY
## ON EQUITABLE DIVISION OF PROPERTY

COMES NOW Robert F. Lee, Jr., debtor herein ("Debtor"), and hereby submits this memorandum regarding the effect of bankruptcy on a spouse's rights to an equitable division of property, showing as follows:

### Background

On July 1, 2011, Debtor's son, Jacob Lee ("Jacob"), rear ended Movants' automobile and caused irreparable injury and harm. Six year old Hannah Johnson was killed, and infant Owen Johnson suffered permanent spinal damage rendering him a quadriplegic. Other family members suffered serious personal injury[1]. This accident forms the basis of litigation commenced in July of 2012 and currently pending against Debtor and others in the Superior Court of Fannin County, State of Georgia, Civil Action Number 2012-V-505.

Prior to the bankruptcy filing, Debtor's spouse ("Dale") filed for divorce in the Superior Court of Fannin County. Dale had consulted a divorce lawyer prior to the accident but did not pursue divorce while the criminal proceeding against Jacob was pending. After the guilty plea and sentencing, Dale resumed the divorce action. No lis pendens was filed with the divorce. The

---

[1] In late 2014 Jacob pled guilty to multiple charges including Homicide by Vehicle in the First Degree and received a sentence of thirty (30) years, of which fifteen (15) years is to be served in the state prison system.

Superior Court of Fannin County has stayed the divorce case pending a resolution of the property issues in the bankruptcy case.

Debtor filed his Chapter 7 petition on December 15, 2014. The 341(a) meeting of creditors was held January 12, 2015. Betty A. Nappier was appointed Chapter 7 trustee (the "Trustee"). The Court entered Debtor's discharge on August 17, 2015. In connection with the Trustee's administration of the case, the issue arises as to whether Dale's rights to an equitable division of property are enforceable against bankruptcy estate property.

## Conclusion

Dale's rights to an equitable division of property arose prepetition, are superior to the Trustee's rights as to Debtor's personal property, but may be subordinate to the Trustee's rights under Section 544(a)(3) as to Debtor's real property.

## Citations and Authority

State law determines when a spouse's rights to an equitable division of property arise. Where state law vests the equitable rights upon the filing of a divorce petition, a divorce filed prepetition provides the non-filing spouse rights. As stated by the court in *Reinbold v. Thorpe* (*In re Thorpe*), 2016 Bankr. LEXIS 440 (Bankr. C. D. IL 2016):

> "To the extent a property interest is subject to a contingency existing on the petition date, the property interest is equally limited as property of the estate. *Matter of Sanders*, 969 F.2d 591, 593 (7th Cir. 1992). If a contingency is subsequently determined under state law to divest the debtor of the property interest, the estate's interest is also subject to divestment. *In re Greer*, 242 B.R. 389, 397 (Bankr.N.D.Ohio 1999); *In re Coffey*, 348 B.R. 775 (Bankr.E.D.Tenn. 2006); *In re Brown*, 168 B.R. 331 (Bankr.N.D.Ill. 1994). This principle has been recognized as especially important when a bankruptcy case is filed while a divorce proceeding and equitable property division are pending, so that bankruptcy is not used to preempt what the debtor-spouse perceives may be an unfavorable property division."

*See, also*, *Bohm v. Radinick (In re Radinick)*, 419 B.R. 291 (Bankr. W.D. Pa. 1999) ("In Pennsylvania, a marital interest in property (i.e., a right to equitable distribution) vests immediately upon the initiation of a divorce action coupled with a request for equitable distribution of marital assets").

However, when state law provides that the equitable division does not arise until entry of a divorce decree, a bankruptcy filing subsequent to the filing of the divorce but prior to the entry of a divorce decree operates to render the non-filing spouse nothing more than an unsecured creditor. *Davis v. Cox (In re Cox), 274 B.R. 13* (Bankr. D. Maine 2002); *Perlow v. Perlow*, 128 Bankr. 412, 415 (E.D.N.C. 1991) (North Carolina law); *In re Skorich*, 332 B.R. 77 (Bankr. D. N. H. 2005) (New Hampshire law).

Georgia law is clear that Dale's rights arose and attached to Debtor's property when the divorce was filed, which occurred prepetition. As stated in *Segars v. Brooks*, 248 Ga. 427 (1981), an equitable division of property "claim arises either after or contemporaneously with the filing of a claim for divorce and must abate if not pursued to entry of judgment after or contemporaneously with entry of a decree of divorce." *See, also, Owens v. Owens*, 248 Ga. 720, 721 (Ga. 1982); *In re Randolph*, 546 B.R. 474 (Bankr. N. D. Ga 2016) (finding that the subject transfer occurred prior to the filing for divorce and was therefore not transferred on account of an equitable division of property).

As between Debtor and Dale, Debtor's rights in and to his property are subject to her rights to an equitable division of property. The Trustee, standing in the shoes of Debtor, is subject to the same contingency. However, the Trustee has strong arm powers, to wit the rights

of a judgment creditor under Section 544(a)(1) and the rights of a bona fide purchaser of real property under Section 544(a)(3).

Under Georgia law, a judgment creditor's rights are junior to and do not defeat the rights of an unrecorded equitable interest. *Dunn v. Caylor*, 218 Ga. 256, 260-62, 127 S.E.2d 367 (1962). Accordingly, the trustee's strong arm powers under Section 544(a)(1) cannot defeat or avoid equitable interests. *See, e.g., Wenco Indus., Inc. v. Stalzer* (*In re Davis*), 165 Bankr. 327, 329-331 (Bankr. N.D. Ga. 1994); *BCC Sys. v. Brooks* (*In re BCC Sys.*) 2008 Bankr.LEXIS 1906 (Bankr. N. D. Ga. 2008); *Harris v. Pullen* (*In re Pullen*), 414 B.R. 871 (Bankr. N. D. Ga. 2009); *In re McBarnette*, 173 B.R. 248 (Bankr. N. D. Ga. 1994). Dale's interest are equitable and therefore cannot be defeated by the Trustee's Section 544(a)(1) strong arm powers.

With respect to Debtor's real property, there are two statutes that must be addressed. O.C.G.A. § 23-1-18 provides that "a pending action shall be general notice of an equity or claim to all the world from the time the action is filed and docketed. If the same is duly prosecuted and is not collusive, one who purchases pending the final outcome of the litigation shall be affected by the decree rendered therein." Thus, it can be argued that the Trustee cannot be a bona fide purchaser because this statute imputes knowledge to her. However, in the divorce arena O.C.G.A § 19-5-7 provides that "[a]fter a petition for divorce has been filed, no transfer of property by either party, except a bona fide transfer in payment of preexisting debts, shall pass title so as to avoid the vesting thereof according to the final verdict of the jury in the case; provided, however, that the title to real property shall not be affected by the filing of an action for divorce unless a notice of lis pendens, as provided for by Code Section 44-14-610, is filed in the office of the clerk of the superior court of the county in which the real property is situated and is recorded by

the clerk in a book kept by him for that purpose." Because the Trustee steps into the shoes of a

bona fide purchaser of real property, it would appear that by virtue of O.C.G.A § 19-5-7, she

would take any of Debtor's real property free of Dale's equitable interest. Although the statute of

limitations to affirmatively avoid Dale's interest in real property has expired, the Trustee could

use the avoidability of Dale's equitable interest defensively to deny Dale's claim to a portion of

the proceeds upon a sale of the real property.

      For the reasons stated above, Dale's rights to an equitable division of property arose and

attached to Debtor's real and personal property prior to the bankruptcy filing. The equitable

rights as to personal property are superior to and cannot be defeated by the Trustee's Section

544(a)(1) strong arm power. The equitable rights to real property, however, are likely subject to

the Trustee Section 544(a)(3) rights as a hypothetical bona fide purchaser of real property since

no lis pendens was filed.

Dated: August 7, 2018

                            LAMBERTH, CIFELLI,
                            ELLIS & NASON, P.A.
                            Attorneys for Debtor


                            By: */s/ G. Frank Nason, IV*
                                G. Frank Nason, IV
                                Georgia Bar No. 535160
                                fnason@lcsenlaw.com

1117 Perimeter Center West
Suite W212
Atlanta, Georgia 30338
(404) 262-7373

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has served a true and correct copy of the foregoing MEMORANDUM RE EFFECT OF BANKRUPTCY ON EQUITABLE DIVISION OF PROPERTY by electronic mail to:

Betty A. Nappier
Law Office of B. A. Nappier
PO Box 1649
Cumming, GA 30028-1649
banappier@gmail.com

Brian Cahn
Brian R. Cahn & Associates, LLC
5 South Public Square
Cartersville, GA 30120
Brian@NorthGaBankruptcy.com

William L. Rothschild
Ogier, Rothschild & Rosenfeld, P.C.
450 Winfield Glen Court
Sandy Springs, GA 30342
br@orratl.com

This 7th day of August, 2018

/s/ *G. Frank Nason, IV*
G. Frank Nason, IV

1117 Perimeter Center West
Suite W212
Atlanta, Georgia 30338
(404) 262-7373