UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 7 |
| ROBERT F. LEE, JR., | : |
| | : CASE NO. 14-22896-jrs |
| Debtor | : |
| _____ | : |

**MEMORANDUM RE EFFECT OF BANKRUPTCY
ON ENFORCEABILITY OF SHAREHOLDER AGREEMENTS**

COMES NOW Robert F. Lee, Jr., debtor herein ("Debtor"), and hereby submits this memorandum regarding the enforceability in bankruptcy of stock transfer restrictions under a Shareholder Agreement, showing as follows:

**Background**

On July 1, 2011, Debtor's son, Jacob Lee ("Jacob"), rear ended Movants' automobile and caused irreparable injury and harm. Six year old Hannah Johnson was killed, and infant Owen Johnson suffered permanent spinal damage rendering him a quadriplegic. Other family members suffered serious personal injury[1]. This accident forms the basis of litigation commenced in July of 2012 and currently pending against Debtor and others in the Superior Court of Fannin County, State of Georgia, Civil Action Number 2012-V-505.

Debtor and his brother, Stan, each own fifty percent of the stock of Corrugated Replacements, Inc. ("CRI"). Debtor, Stan, and CRI are parties to a Shareholder Agreement dated January 24, 2008 (the "Shareholder Agreement"). Paragraph 6 of the Shareholder Agreement provides that no Shareholder may sell, hypothecate, pledge, assign or otherwise transfer, with or

---

[1] In late 2014 Jacob pled guilty to multiple charges including Homicide by Vehicle in the First Degree and received a sentence of thirty (30) years, of which fifteen (15) years is to be served in the state prison system.

without consideration, any or all of the shares of Common Stock of the Corporation owned of record or beneficially by him to any other person, corporation, partnership, association, trust or any other entity without first offering the shares of Common Stock first to CRI and then to the other Shareholder. Paragraph 10 of the Shareholder Agreement provides that CRI or the other Shareholder may pay the purchase price in equal annual installments over a ten (10) year period.

Debtor filed his Chapter 7 petition on December 15, 2014. The 341(a) meeting of creditors was held January 12, 2015. Betty A. Nappier was appointed Chapter 7 trustee (the "Trustee"). The Court entered Debtor's discharge on August 17, 2015. In connection with the Trustee's administration of the case, the issue arises as to whether the restrictions on the transfer of stock under the Shareholder Agreement are enforceable in bankruptcy.

## Conclusion

The Shareholder Agreement complies with Georgia law and the Trustee is bound by the restrictions on the transfer of stock.

## Citations and Authority

Georgia law authorizes shareholders to enter into shareholder agreements and provides that such agreements are effective even if inconsistent with Georgia law with respect to certain provisions. O.C.G.A. §14-2-732. Such agreements may provide restrictions on the transfer of shares and these restrictions are valid and enforceable if authorized by the Georgia Code. O.C.G.A. §14-2-627(b). The authorized restrictions include a requirement obligating the shareholder to offer the shares first to the corporation or other persons. O.C.G.A. §14-2-627(d)(1). Therefore, the restrictions in the Shareholder Agreement are enforceable because they are included in the restrictions authorized by the Georgia Code. *See, e.g. Brown v. Momar, Inc.,*

201 Ga. App. 542, 411 S.E.2d 718, 722 (Ga. App. 1991); *Taylor v. Riverside-Franklin Prop., Inc.* (*In re Taylor*), 228 B.R. 491, 498 (Bankr. M.D. Ga. 1998); *Davis v. Davis*, 262 Ga. 420, 419 S.E.2d 913, 914 (Ga. 1992).

When attempting to sell Debtor's stock in CRI, the Trustee stands in Debtor's shoes and has no greater rights than he has. *In re Six*, 190 B.R. 958, 961 (Bankr. M.D. FL 1993)(" It cannot be seriously argued and disputed that as a general proposition with some exception, not relevant here, the trustee of the estate succeeds to the rights of a Debtor and his rights are not greater nor less than what were the rights of a Debtor prior to the commencement of a case."). As recognized by the Eighth Circuit in *In re Schauer*, 835 F.2d 1222 (8th Cir. 1987): "[N]umerous courts have asserted the general principle that the trustee takes only those rights that the debtor had under state law. The Fourth Circuit, in *Hovis v. Wright*, 751 F.2d 714, 715-16 (4th Cir. 1985) *aff'g, In re Wright*, 39 Bankr. 623 (1983) recognized this limitation on the trustee's power to dispose of estate property. *Accord In re Klayer*, 20 Bankr. 270, 272 (Bankr. W.D. Ky. 1981)("The rule is elementary that the estate succeeds only to the title and rights in the property that the debtor possessed")"

Therefore, the limitations imposed on a debtor under a shareholder agreement likewise limit the trustee. "Where, as here, the right of first refusal clause is not an ipso facto provision, courts have concluded that a right of first refusal is enforceable notwithstanding the fact that the debtor is in bankruptcy." *Northrup Grumman Tech. Servs. v. Shaw Group, Inc.* (*In re IT Group, Inc.*), 302 B.R. 483, (D. DE 2003)(citing *In re Todd,* 118 B.R. 432, 435 (Bankr. D.S.C. 1989); *In re Gibson*, 1995 Bankr. LEXIS 1727, *4-5 (Bankr. E.D. Va. Aug. 21, 1995); *In re Six*, 190 B.R.

958, 961 (Bankr. M.D. Fla. 1995); *In re Baquet,* 61 B.R. 495, 500 (Bankr. D. Mont. 1986)). *See, also*, *In re Schauer, supra.*

    For the reasons stated above, the Shareholder Agreement is enforceable and binding on the Trustee.

Dated: August 7, 2018

                                              LAMBERTH, CIFELLI,
                                              ELLIS & NASON, P.A.
                                              Attorneys for Debtor


                                              By: */s/ G. Frank Nason, IV*
                                                      G. Frank Nason, IV
                                                      Georgia Bar No. 535160
                                                      fnason@lcsenlaw.com

1117 Perimeter Center West
Suite W212
Atlanta, Georgia 30338
(404) 262-7373

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has served a true and correct copy of the foregoing MEMORANDUM RE EFFECT OF BANKRUPTCY ON ENFORCEABILITY OF SHAREHOLDER AGREEMENTS by electronic mail to:

>Betty A. Nappier
>Law Office of B. A. Nappier
>PO Box 1649
>Cumming, GA 30028-1649
>banappier@gmail.com
>
>Brian Cahn
>Brian R. Cahn & Associates, LLC
>5 South Public Square
>Cartersville, GA 30120
>Brian@NorthGaBankruptcy.com
>
>William L. Rothschild
>Ogier, Rothschild & Rosenfeld, P.C.
>450 Winfield Glen Court
>Sandy Springs, GA 30342
>br@orratl.com

This 7th day of August, 2018

>/s/ *G. Frank Nason, IV*
>G. Frank Nason, IV

1117 Perimeter Center West
Suite W212
Atlanta, Georgia 30338
(404) 262-7373